# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT ROCCO,

    Plaintiff,

    v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

CIVIL ACTION NO. 3:03-CV-1216

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 10), Plaintiff Robert Rocco's Objections to the Magistrate Judge's Report and Recommendation (Doc. 11) and Defendant Jo Anne Barnhart's Response to Plaintiff's Objections to the Report and Recommendation (Doc. 13). Magistrate Judge Blewitt recommended that the Court deny Plaintiff's appeal of the Commissioner of Social Security's ("Commissioner") decision. For the reasons set forth below, the Court will adopt the Report and Recommendation. Accordingly, Plaintiff's appeal will be denied.

## STANDARD OF REVIEW

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual

1

findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

## DISCUSSION

To determine whether an individual is disabled for social security purposes, the Commissioner employs a five-step analysis.  The Commissioner must sequentially determine:  (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe physical or mental impairment; (3) whether the applicant's impairment meets or exceeds a listed impairment; (4) whether the applicant's residual functional capacity permits the applicant to perform past relevant work; and (5) whether the applicant's residual functional capacity permits the applicant to perform other work.  20 C.F.R. § 416.920 (2004).

The Commissioner's factual findings must be deemed conclusive unless the reviewing court finds they are not supported by substantial evidence.  *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Substantial evidence is "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v.*

*N.L.R.B.*, 305 U.S. 197, 229 (1938)).  Substantial evidence is less than a large or considerable amount of evidence; it only requires enough relevant evidence that a reasonable mind might accept it as adequate to support a conclusion.  *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).  Evidence is not substantial if it is overwhelmed by other evidence.  *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).

In the instant matter, Plaintiff objects to Magistrate Judge Blewitt's recommendation that the Court deny Plaintiff's appeal.  Plaintiff argues that the Administrative Law Judge's ("ALJ") findings and hence, Magistrate Judge Blewitt's assessments, were not supported by substantial evidence.  Plaintiff provides the following reasons to support his argument: (1) Magistrate Judge Blewitt erred in finding that Plaintiff has the ability to work in substantial, gainful activity and that the evidence does not limit the Plaintiff to a sterile work environment; (2) Magistrate Judge Blewitt erred in finding that the vocational expert ("VE") presented sufficient evidence that there is a significant number of jobs that did not require interaction with co-workers; (3) Magistrate Judge Blewitt erred in finding that Plaintiff's inability to hear did not impact his ability to perform substantial, gainful activity and (4) Magistrate Judge Blewitt erred in finding  that substantial evidence existed that there are work in "real settings" available despite Plaintiff's testimony of his disability.  As a result, the Court will conduct a *de novo* review of the decisions of the ALJ relating to these issues only.

**1.      Substantial Gainful Work Activity**

Plaintiff asserts in his objections, numbered 1 and 4, that the ALJ did not properly consider all the evidence in concluding that the Plaintiff could work in an actual rather

3

than a "sterile" work environment.  Additionally, Plaintiff asserts in his objection, numbered 3, that the impact of Plaintiff's inability to hear and pay attention were not properly considered in determining whether Plaintiff could engage in substantial gainful activity.  The Court disagrees.  First, the ALJ considered Plaintiff's impairment and found that Plaintiff has "bilateral sensorineural hearing loss" but that in accordance with his audiometric evaluations, the Plaintiff's "impairment was not of listing severity".  (Doc. 7 at 14.)  Second, the ALJ considered the testimony of both the Plaintiff and his wife and found their testimony to be "essentially credible".  *Id.* at 15.  Ultimately, however, the ALJ observed at the hearing that the Plaintiff "was able to understand and respond to questions at the hearing in normal conversational tones, without repetition of questions, and when watching the speaker talk."  *Id.*

The ALJ, considering all the evidence, found that the Plaintiff "retains the residual functional capacity to perform work which does not require acute hearing or frequent social interaction, unless the person stands in front of him, and which is not performed in a hazardous work environment."  *Id.*  The ALJ, recognizing that Plaintiff has met his burden of showing that he cannot return to his past relevant work because "it required good hearing", sought to find out whether "there are other jobs existing in significant numbers in the national economy that the claimant can perform, consistent with his residual capacity, age, education and work experience."  *Id.*  The ALJ gave full consideration to these factors when eliciting the testimony of the vocational expert ("VE") through the use of hypothetical questions.  The VE testified during ALJ's questioning that "assuming the [Plaintiff's] specific work restrictions, he is capable of making a vocational adjustment to other work."  (Doc. 7 at 16.)  Such other work consists of being an

"inspector, hand packager, assembler [or] machine operator." (Doc.7 at 16.)  These occupations do not limit the Plaintiff to a sterile work environment and Magistrate Judge Blewitt correctly assessed the VE's testimony that "an individual who had the residual functional capacity to perform work that does not require acute hearing or social interaction, unless the person stands in front of him, that does not take place in a hazardous work environment, would be capable of working in jobs that exist in significant numbers in the national economy." (Doc. 10 at 9.)

Magistrate Judge Blewitt correctly determined that, "the ALJ did not err in finding that the Plaintiff was capable of performing substantial gainful activity that existed in significant numbers in the national economy." *Id.* at 10.  Plaintiff's residual functional capacity in conjunction with his ability to perform substantial gainful activity were properly considered, and as such, Plaintiff's objection will be overruled.

## 2.   Vocational Expert's Testimony

Plaintiff asserts in his objection, numbered 2, that Magistrate Judge Blewitt erred in finding that the VE sufficiently testified to the existence of jobs that do not require interaction with co-workers.  The ALJ, in the final step of the five step analysis, need only find that the Plaintiff, "based on [his] age, experience, and education, can perform any other available work in the economy." *Burnett v. Comm'r of Soc. Sec. Admin.,* 220 F.3d 112, 126 (3d Cir. 2000).  There is no additional requirement that the VE has to provide information on jobs that do not require interaction with co-workers.  The VE sufficiently testified to the existence of jobs that the Plaintiff would be capable of undertaking:

> The [VE] testified that such an individual would be
> capable of working as an inspector, with 17,290 jobs in

5

> the state of Pennsylvania and 1,180 jobs in the
> northeast region of Pennsylvania; a hand packer, with
> 16,500 state jobs and 980 regional jobs; machine
> operator, with 24,300 state jobs and 660 regional jobs;
> assembler, with 18,140 state jobs and 2,470 regional
> jobs; and production worker, with 17,290 state jobs and
> 1,180 regional jobs.

(Doc.10 at 8.) The VE's testimony was in response to a series of hypothetical questions by the ALJ that reflects all of Plaintiff's impairments as supported by the record and hence, can be considered as substantial evidence. *Chrucala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987). Magistrate Judge Blewitt correctly assessed that "[n]one of the jobs identified by the [VE] require interaction with co-workers in terms of job tasks, but might involve social interaction during breaks or interaction with a supervisor when necessary." (Doc.10 at 9.) The testimony of the VE sufficiently addressed the substantial gainful activity inquiry. Therefore, Plaintiff's objection will be overruled and the Court will adopt Magistrate Judge Blewitt's report and recommendation.

## CONCLUSION

After consideration of the Report and Recommendation, the Court will adopt the Report and Recommendation. Therefore, Plaintiff's appeal of the Commissioner's decision will be denied.

An appropriate Order follows.

November 1, 2005  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ROBERT ROCCO,

    Plaintiff,

    v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

CIVIL ACTION NO. 3:03-CV-1216

(JUDGE CAPUTO)

## ORDER

**NOW**, this 1st day of November, 2005, upon review of Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 10) for clear error or manifest injustice,

**IT IS HEREBY ORDERED** that:

(1)     Plaintiff's Objections to Magistrate's Report and Recommendation (Doc. 11) are **OVERRULED**.

(2)     The Report and Recommendation (Doc. 10) is **ADOPTED**.

(3)     Plaintiff's appeal of Commissioner's decision is **DENIED**.

(4)     The Clerk of the Court shall mark this case **CLOSED**.

    /s/ A. Richard Caputo
    A. Richard Caputo
    United States District Judge